UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-cv-208-HRW

BARBARA J. DUREN,                                                   PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for a period of disability insurance benefits alleging disability beginning on April 29, 2002, due to systemic lupus, memory loss and confusion, severe fatigue, carpal tunnel and pain and swelling in the joints (Tr. 17).  This application was denied initially and on reconsideration.  On March 2, 2004, an administrative hearing was conducted by Administrative

1

Law Judge Andrew J. Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 197-216), as did a former co-worker (Tr. 216-220), Plaintiff's husband (Tr. 220-224) and a vocational expert (hereinafter "VE") (Tr. 224-227).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 10, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 16-24). Plaintiff was 43 years old at the time of the hearing decision

(Tr. 17). She has a high school education (Tr. 17). Her past relevant work experience consists of work as a bank assistant manager, bank assistant vice president, assistant branch manager, operations in trust worker and teller (Tr. 17). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 17). The ALJ then determined, at Step 2, that Plaintiff suffered from systemic lupus with resultant depression and anxiety, which he found to be "severe" within the meaning of the Regulations (Tr. 17). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18). In doing so, the ALJ specifically considered listing 14.02 (Tr. 18). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 23) but determined that she has the following residual functional capacity to perform a significant range of light work (Tr. 23). Then ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform jobs, such as gate guard, office messenger and surveillance monitor (Tr. 22). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

  The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on September 4, 2004 (Tr. 3-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ erred in evaluating her credibility. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

In this case, the ALJ found Plaintiff's credibility to be "fair" (Tr. 20). He noted that her former co-worker and husband corroborated her testimony regarding her memory problems and their affect on her ability to perform her past work (Tr. 20). The ALJ agreed that Plaintiff's symptoms precluded her from performing skilled work (Tr. 20) and further deemed her testimony regarding fatigue credible as he incorporated limitations resulting from the same into his RFC. Specifically, the RFC included a limitation for jobs which allowed for sitting and standing at will (Tr. 19-21, 225).

However, the ALJ found that the Plaintiff's testimony regarding disabling

5

impairment was inconsistent with the record. For example, Plaintiff engages in a wide variety of household and other daily activities, such as driving her children to school laundry and other daily activities. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). The ALJ further found that the medical evidence of record did not support Plaintiff's testimony of disabling impairment. Her own treating physician told her that she did not meet the normal criteria for long term social security disability (Tr. 125). Moreover, treatment notes reveal that her pain is controlled with medication (Tr. 117-121). There is simply nothing in the medical records which would indicate that Plaintiff is unable to perform any work.

    This Court is mindful that the standard for disability is not whether a claimant can perform the job they had prior to becoming impaired or whether a claimant can perform a particular job he or she desires. Rather, the test is whether the claimant can do work which exists in significant numbers in the national and regional economies. Based upon the record, the Court finds that the ALJ's determination that the Plaintiff can perform work which exists in significant numbers in the national and regional economies is supported bu substantial

evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This June 30, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge